70 F.3d 1272
 151 L.R.R.M. (BNA) 2224
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
WHITNEY ELECTRIC CORPORATION, doing business as Barker
Fowler Electric Motor Service, Respondent.
 No. 95-6159.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1995.
 
 Before: WELLFORD, NELSON, and SUHRHEINRICH, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 28, 1995, decision and order in Case No. 7-CA-36391(2) in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. Sec. 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-36391(2) is hereby enforced. The respondent, Whitney Electric Corporation, d/b/a Barker Fowler Electric Motor Service, Lansing, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing and refusing to bargain with Local 665, International Brotherhood of Electrical Workers, AFL-CIO (the "Union") by failing and refusing to provide the Union with requested information that is necessary for, and relevant to, its role as the exclusive collective bargaining representative of the unit employees.
 
 
 4
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 5
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 6
 (a) Furnish the Union with the information it requested on September 29, 1994.
 
 
 7
 (b) Post at its facility in Lansing, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 8
 (c) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 9
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 10
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 11
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 12
 WE WILL NOT fail and refuse to bargain with Local 665, International Brotherhood of Electrical Workers, AFL-CIO by failing and refusing to provide the Union with requested information that is necessary for, and relevant to, its role as the exclusive collective-bargaining representative of the unit employees.
 
 
 13
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 14
 WE WILL furnish the Union with the information it requested on September 29, 1994.
 
 
 15
 WHITNEY ELECTRIC CORPORATION, D/B/A BARKER FOWLER ELECTRIC MOTOR SERVICE